**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOMERO CENTURION SANCHEZ,<br><br>                                    Petitioner,<br><br>v.<br><br>ACTING FIELD OFFICER DIRECTOR of the San Diego Field Office, U.S. Immigration and Customs Enforcement, in his/her official capacity, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-04353-RBM-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Homero Centurion Sanchez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a native and citizen of Peru, entered the United States without admission or inspection in or around 2006.  (Doc. 1 ¶ 1–2, 9.)  After his entry, Petitioner "remained continuously present in the country for over twenty years." (*Id.* ¶ 30.)  On July 28, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE").  (*Id.* ¶ 1.) Petitioner is currently detained at the Imperial Regional Detention Facility.   (*Id.*) "Petitioner does not have an order of removal or a criminal record." (*Id.* ¶¶ 3, 36.)

Petitioner filed the instant Petition on July 29, 2026.  (Doc. 1.)  Pursuant to this Court's Order (*see* Doc. 2), Respondents filed a Response to the Petition on August 5, 2026.  (Doc. 6.)  As of the date of this Order, Petitioner has not filed an optional Reply.

## II.   <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   <u>DISCUSSION</u>

Petitioner claims his immigration detention violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 39–47.) Respondents cite the Ninth Circuit's recent decision in *Rodriguez Vasquez v. Bostock*,—F.4th—, 2026 WL 2196424 (9th Cir. July 30, 2026), and assert that they "do[ ] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. §1226(a)." (Doc. 6 at 2.)

In *Rodriguez Vazquez*, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 2026 WL 2196424, at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided in the country for more than 20 years (*see* Doc. 1 ¶¶ 9, 42), § 1226(a)'s discretionary procedures govern Petitioner's detention. Therefore, and in light of Respondents' non-opposition, the Petition is **<u>GRANTED</u>**.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.");

2

*Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021).[1]

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. The Government is **ORDERED** to immediately release the noncitizen from custody.

2. The Court **ORDERS** that, prior to any re-detention, the noncitizen **SHALL** receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.

3. The noncitizen bears the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

4. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[2]

**IT IS SO ORDERED**.

DATE:  August 14, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2]  *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").

3:26-cv-04353-RBM-DEB